| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| KERRY LYNN COLLIER, | § | |
|---|---|---|
| Movant, | § | |
| versus | § | CIVIL ACTION NO. 1:12-CV-376 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

# MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Kerry Lynn Collier, an inmate confined at the Federal Correctional Institution at Fort Worth, Texas, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this motion to vacate. The magistrate judge recommends the motion to vacate be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Movant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

In his motion to vacate, movant asserted counsel was ineffective because he failed to: (a) object to a breach of the plea agreement and (b) adequately investigate, research or inform movant

about the effect of his plea agreement. After considering the record and movant's objections, the court agrees with the magistrate judge's conclusions. The plea agreement was not breached. Further, as movant failed to demonstrate there was a reasonable probability that but for counsel's alleged errors he would have gone to trial rather than plead guilty, movant has failed to show he suffered prejudice as a result of counsel's alleged failure to adequately investigate, research or inform movant about the plea agreement.

In his objections, movant asserted an additional ground for review. In his plea agreement, movant waived his right to appeal with certain limited exceptions. Movant now asserts his agreement to such waiver was involuntary because the government would not have made a motion to have his offense level decreased by an additional level for acceptance of responsibility pursuant to § 3E1.1(b) of the United States Sentencing Guidelines unless he agreed to waive his right to appeal.[1] Movant states that under current case law, the government is not permitted to condition its agreement to seek an additional reduction in a defendant's offense level for acceptance of responsibility on a defendant's agreement to waive his right to appeal.[2] However, for the reasons set forth below, consideration of movant's additional ground for review is barred by the applicable statute of limitations.

---

[1] Section 3E1.1(a) provides that if a defendant clearly demonstrates acceptance of responsibility for his offense, his offense level is to be decreased by two levels. Subsection (b) provides that under certain circumstances, and upon the government's motion, the offense level may be decreased by an additional level.

[2] In *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008), the United States Court of Appeals for the Fifth Circuit held that a defendant's refusal to waive his right to appeal was a proper basis for the government to refuse to make a motion for reduction in his offense level under § 3E1.1(b). However, the United States Sentencing Commission subsequently adopted Amendment 775 to the Guidelines, which became effective on November 1, 2013, after movant was sentenced. Amendment 775 provided that the government could not refuse to make a motion under § 3E1.1(b) simply because a defendant refused to waive his right to appeal. In *United States v. Palacios*, 756 F.3d 325 (5th Cir. 2014), the Fifth Circuit acknowledged that in light of Amendment 775, its decision in *Newson* had been abrogated.

A one year period of limitations applies to a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. The period of limitations begins to run on the date on which the judgment of conviction becomes final. Movant did not appeal his conviction or sentence. His conviction therefore became final on December 19, 2011, 10 days after his Judgment in a Criminal Case was entered and the date on which the time period for filing an appeal expired. As movant did not assert his additional ground for review until he filed his objections almost four years later, his additional ground for review was asserted after the applicable period of limitations expired.

However, before concluding that the statute of limitations bars consideration of movant's additional ground for review, the possibility that the additional ground for review "relates back" to when the original motion to vacate was filed should be considered. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading …."[3] Additional grounds for review asserted in a motion to vacate proceeding do not relate back merely because they arose out of the same criminal proceeding. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Additional grounds for review do not relate back if they assert "a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *Id*.

Movant's additional ground for review does not relate to the date on which he originally filed his motion to vacate. His additional ground for review is unrelated to his original grounds

---

[3] Rule 15 applies to motion to vacate proceedings. *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002).

for review and is supported by facts that differ both in time and type from the facts that supported his original grounds for review. As movant's additional ground for review does not relate back for limitations purposes, consideration of this ground for review is barred by the applicable statute of limitations.

In addition, this ground for review is without merit. The record does not reflect whether the government conditioned its willingness to make a motion under § 3E1.1(b) for a decrease in movant's offense level on movant's willingness to waive his right to appeal his conviction or sentence. However, even if the government did impose such a condition, this action would have been proper at the time of movant's sentencing. At that time, *Hanson* was good law and permitted the government to impose the condition to which movant now objects. As a result, it cannot be concluded that movant's waiver of his right to appeal was involuntary or the result of improper action by the governent.

## ORDER

Accordingly, movant's objections to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. The grounds for review considered in the Report and Recommendation are without merit. In addition, movant's additional ground for review is without merits and consideration of the ground for review is barred by the applicable statute of limitations. As a reult, a final judgment will be entered denying the motion to vacate.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard

for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his claims are meritorious, or that the issue of whether his additional ground for review is barred by the statute of limtations, is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 1st day of July, 2016.

                                                      MARCIA A. CRONE
                                            UNITED STATES DISTRICT JUDGE