**UNITED STATES DISTRICT COURT**  **EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| KERRY LYNN COLLIER, § <br> § <br> Movant, § <br> § <br> *versus* § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | CIVIL ACTION NO. 1:12-CV-376 |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Kerry Lynn Collier, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

In his motion to vacate, movant asserted counsel was ineffective because he failed to: (a) object to a breach of the plea agreement and (b) adequately investigate, research or inform movant about the effect of his plea agreement. After considering the record and movant's objections, the court agrees with the magistrate judge's conclusions. The plea agreement was not breached. Counsel's failure to assert that the agreement had been breached therefore did not fall below an objective standard of reasonableness or cause movant to suffer prejudice. Further, as movant

failed to demonstrate there was a reasonable probability that but for counsel's alleged errors he would have gone to trial rather than plead guilty, movant has failed to show he suffered prejudice as a result of counsel's alleged failure to adequately investigate, research or inform movant about the plea agreement.[1]

In a supplemental motion to vacate, movant, relying on three recent judicial decisions, contends his prior conviction for possession of a controlled substance was improperly used to increase his sentence.[2] The magistrate judge concluded this ground for review was without merit because the decisions cited by movant did not apply to his case. The court agrees. As movant was not sentenced pursuant to the Armed Career Criminal Act, *Johnson* and *Mathis* are not relevant. In addition, the definition of "felony drug offense" relevant to movant's case is that set forth in 21 U.S.C. § 802(44). As the definition at issue in *Hinkle* was the definition of "controlled substance offense" set forth in § 4B1.2 of the United States Sentencing Guidelines, and as that definition is different than the definition of "felony drug offense" found in Section 802(44), *Hinkle* is not relevant to movant's case.

## ORDER

Accordingly, movant's objections to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. An appropriate final judgment will be entered.

---

[1] In his objections, movant asserts for the first time that the court improperly intervened in the plea negotiation process and states his plea of guilty was the result of coercion. However, these assertions are not supported by the transcripts of the prior proceedings in this case and the statements made by movant during the prior proceedings.

[2] Movant relies on the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Mathis v. United States*, 136 S.Ct. 2243 (2016), as well as the decision of the United States Court of Appeals for the Fifth Circuit in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his claims are meritorious is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Plano, Texas, this 5th day of September, 2017.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE